UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| LIONSHEAD SPECIALTY TIRE AND WHEEL LLC<br><br>                                                 Plaintiff,<br>                v.<br><br>UNITED STATES,<br><br>                                                 Defendant. | Court No. 24-00020 |

## COMPLAINT

Pursuant to Rule 3(a)(3) of the Rules of the United States Court of International Trade, Lionshead Specialty Tire and Wheel LLC., ("Lionshead" or "Plaintiff"), by and through its undersigned attorneys, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff appeals the final affirmative determination of evasion issued by U.S. Customs and Border Protection's ("CBP") under 19 U.S.C. § 1517(f), including its initial determination issued under 19 U.S.C. § 1517(c), pursuant to the Enforce and Protect Act ("EAPA") Consolidated Case Number 7459. This determination involved allegations of evasion of the antidumping ("AD") (A-570-090) and countervailing ("CVD") (C-570-091) duty orders on steel trailer wheels 12 to 16.5 inches in diameter ("steel trailer wheels") from the People's Republic of China. *See Certain Steel Trailer Wheels 12 to 16.5 Inches from the People's Republic of China: Antidumping Duty and Countervailing Duty Orders*, 84 Fed. Reg. 45952 (Dep't Commerce Sept. 3, 2019) ("*AD/CVD Orders*"). Wheel rims manufactured in Thailand from rectangular steel plates (*i.e.*, wheel boards) were assembled to discs from China, and processed into steel trailer wheels in Thailand by Asia Wheel Co., Ltd. ("Asia Wheel"). CBP determined

that Plaintiff evaded the AD/CVD Orders when Plaintiff entered steel trailer wheels produced by Asia Wheel in Thailand as not subject to the Orders.

2. Specifically, on July 15, 2020, CBP issued a notice of initiation of investigation and interim measures taken as to Lionshead; TexTrail LLC; and Trailstar LLC concerning evasion of the antidumping and countervailing duty orders on steel wheels from China ("Interim Measures"). The Interim Measures were based on an allegation of evasion through transshipment by Dexstar Wheel Division of Americana Development, Inc. ("Dexstar"), a domestic manufacturer of steel wheels, through their counsel.

3. On August 7, 2023, CBP's Trade Remedy and Law Enforcement Directorate ("TRLED") issued its Notice of Determination as to Evasion– EAPA Consolidated Case Number 7459 ("TRLED Determination").

4. On December 15, 2023, CBP's Regulations & Rulings, Office of Trade ("RR") affirmed TRLED's Determination. *See* Administrative Review Determination in EAPA Consolidated Case No. 7459, CBP's Office of Trade Regulations & Rulings (Dec. 15, 2023) ("RR Final Decision").

5. CBP's EAPA decision covers entries of steel trailer wheels 12 to 16.5 inches in diameter made by Plaintiff from March 19, 2019, through the pendency of the investigation.

## JURISDICTION

6. Plaintiff brings this action pursuant to Section 517(g) of the Tariff Act of 1930, *as amended* (the "Act"), 19 U.S.C. §§ 1517(g).

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

8. Lionshead is the U.S. importer of record of the merchandise subject to CBP's EAPA determinations in EAPA Cons. Case No. 7459. Lionshead was subject to CBP's EAPA investigation even though the wheels were produced in Thailand through third country processing. Lionshead participated in all aspects of the EAPA investigation, including filing an administrative appeal to CBP Regulations & Rulings. Thus, Lionshead is an interested party within the meaning of 19 U.S.C. § 1517(a)(6). Lionshead is also "a person determined to have entered such covered merchandise through evasion" and is thereby permitted to "seek judicial review of the {EAPA} determination . . . in the United States Court of International Trade . . . ." 19 U.S.C. § 1517(g).

9. CBP's imposition of interim measures and subsequent affirmative determination of evasion subjected Lionshead to AD and CVD duties on entries made within the time frame covered by the EAPA investigation. Lionshead was thus adversely affected or aggrieved by CBP's determinations within the meaning of 5 U.S.C. § 702. Plaintiff therefore may seek judicial review of both TRLED's determination under 19 U.S.C. § 1517(c) and RR's review under 19 U.S.C. § 1517(f) and has standing pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS OF THIS ACTION

10. On December 15, 2023, RR sent Plaintiff an email transmitting the Final Administrative Determination in EAPA Cons. Case No. 7459. The final determination was also dated December 15, 2023. The thirtieth business day after December 15, 2023 (excluding Saturdays, Sundays, and federal holidays (Christmas, New Year's Day, and Martin Luther King Jr. Day) is January 31, 2024. Plaintiff is therefore timely filing its Summons, Complaint,

Information Statement, Corporate Disclosure, Notices of Appearance, and any applicable filing fees within the deadline established by 19 U.S.C. § 1517(g)(1).

## STANDARD OF REVIEW

11. Pursuant to 19 USC § 1517(g)(2)(A) and (B) the Court shall examine whether CBP fully complied with all procedures under 19 USC § 1517(c) and (f) and whether "any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

## STATEMENT OF FACTS

### AD/CVD on Certain Steel Trailer Wheels 12 to 16.5 Inches from China

12. The U.S. Department of Commerce ("Commerce") issued the AD/CVD Orders on September 3, 2019. The scope of the AD/CVD Orders, in relevant part, provides: "The scope includes rims, discs, and wheels that have been further processed in a third country, including, but not limited to, the painting of wheels from China and the welding and painting of rims <u>and</u> discs from China to form a steel wheel, or any other processing that would not otherwise remove the merchandise from the scope of the orders if performed in China." AD/CVD Orders, 84 Fed. Reg. at 45954, emphasis added.

13. In conjunction with the investigation resulting in the AD/CVD Orders, Commerce issued a scope memo including an exhaustive discussion of whether the third country processing covered wheels made from rims <u>and</u> discs from China, or whether it covered wheels made from rims <u>or</u> discs from China. *See* Memorandum from E. Begnal to J. Maeder re: Certain Steel Wheels from the People's Republic of China: Final Scope Decision Memorandum for the Final Antidumping Duty and Countervailing Duty Determinations (Jul. 1, 2019) ("INV Scope Memo")), at 20-24. Commerce determined that the scope "language explicitly identified both rims <u>and</u> discs and the record is otherwise absent of any language supporting the assertion that the

intent of this language was to cover instances of third country assembly where only one such constituent part is present." INV Scope Memo at 22 (emphasis in original). Commerce found the scope language "sufficiently conveys the concept that third-country processing of a steel wheel must be of rims <u>and</u> discs produced in China", or in other words, "<u>only if all constituent rim and disc parts to form a steel wheel are from China does the order apply{.}</u>" INV Scope Memo at 23-24 (emphasis added).

14. Commerce declined to amend the scope in the INV Scope Memo to include third country processing of either rims <u>or</u> discs produced in China because such an amendment would be "intentionally and selectively expansionary and not consistent with the plain meaning of the word 'and.'" INV Scope Memo at 24.

15. As a result, steel wheels processed in a third country where either the disc or rim are not of Chinese origin were explicitly excluded from the scope of the existing AD/CVD Orders and there was no indication that Commerce would later reverse its prior guidance to find "the plain language of the scope is ambiguous as to the status of finished wheels processed in a third country from a mix of one wheel component sourced from China and one component originating from a third country." EAPA Determination at 2.

**EAPA Proceeding**

*Initiation and Interim Measures*

16. On March 11, 2020, Dexstar, a domestic producer of steel trailer wheels, filed an EAPA allegation to CBP regarding the evasion of AD/CVD duties by Lionshead and two other importers ("Importers"). *See* Letter from CBP re: Notice of initiation of investigation and interim measures taken as to Lionshead Specialty Tire and Wheel LLC; TexTrail LLC; and TRAILSTAR LLC concerning evasion of the antidumping and countervailing duty orders on steel trailer wheels

5

from China (Jul. 15, 2020) ("Notice of Interim Measures"). Dexstar's March 11, 2020 request was not provided to Lionshead, but rather CBP provided a redacted version of a request from January 2020. Dexstar alleged that the Importers' imports were from the Chinese wheel producer, Zhejiang Jingu Company Limited ("Jingu") and were transshipped through Asia Wheel, Jingu's affiliate in Thailand. *Id.*

17. On April 9, 2020, CBP initiated an EAPA investigation of Lionshead and the other importers. *Id.* Plaintiff and the other importers were not made aware of the initiation until July 2020 when the public version of Dexstar's original EAPA allegation and the CBP's EAPA initiation notice were released to them.

18. Lionshead was first notified of the EAPA investigation more than three months after the initiation of the investigation when CBP provided its notice of Interim Measures on July 15, 2020. *Id.* In the notice of Interim Measures, CBP consolidated the three investigations under consolidated case no. 7459, suspended liquidation of Lionshead's entries of covered merchandise from Thailand entered on or after April 9, 2020, and extended the liquidation date of unliquidated entries entered one year prior to the receipt of the EAPA allegation on March 19, 2019. *Id.* at 8.

*Lionshead's Evidentiary Submissions to CBP and Other Evidence on the Record*

19. Lionshead immediately responded to CBP's notice of Interim Measures and entered an appearance through counsel on July 28, 2020. *See* Letter from Clark Hill PLC to CBP, Re: *Investigation Concerning Evasion of the Antidumping and Countervailing Duty Orders on Steel Trailer Wheels from China:* Lionshead Specialty Tire and Wheel LLC's Entry of Appearance in EAPA Consolidated Case Number: 7459. (July 28, 2020). The following summarizes the submissions on the record.

20.     CBP issued an initial request for information ("RFI"). Lionshead timely responded on September 18, 2020. *See* Letter from Clark Hill PLC to CBP, Re: Response to Request for Information (Sep. 18, 2020) ("Lionshead RFI Response"). CBP then issued a supplemental RFI dated November 9, 2020. Lionshead timely responded on November 13, 2020. *See* Letter from Clark Hill PLC to CBP, Re: Response to Supplemental Request for Information (Nov. 13, 2020) ("Lionshead Supplemental RFI Response").

21.     In its responses, Lionshead submitted substantial evidence explaining that its imports of steel trailer wheels from Asia Wheel in Thailand were produced from wheel rims manufactured in Thailand from rectangular steel plates (*i.e.*, wheel boards), assembled to discs from China, and processed into steel trailer wheels in Thailand. *See* Lionshead RFI Response at 8. Lionshead's RFI Response included an analysis of the scope of the AD/CVD orders, including the INV Scope Memo. *Id.* At the time of entry, Commerce had explicitly ruled that wheels were covered by the scope of the AD/CVD Orders only if <u>both</u> the rims <u>and</u> discs were produced in China. *See* INV Scope Memo at 20-24.

22.     Lionshead submitted extensive record evidence, including photos of its site visit to Asia Wheel, demonstrating that it fully vetted imports from Asia Wheel in Thailand. This vetting, demonstrating Lionshead's reasonable care, and Lionshead's reasonable reliance on the clear statements from Commerce in the INV Scope Memo that steel trailer wheels had to be processed in a third country from both discs <u>and</u> rims from China to be within the scope of the AD/CVD orders, resulted in Lionshead logically declaring those imports with the country of origin as Thailand. *See* Lionshead RFI Response at 8-9 and Lionshead Supplemental RFI Response, at Exhibit 17.

23. Asia Wheel, as the foreign producer, responded to questionnaires issued by CBP and cooperated in a site visit, thereby corroborating Lionshead's evidence of third country processing. *See* Letter from White & Case LLP to CBP re: Proprietary Version of Asia Wheel's Response to CBP's Sept. 16, 2020 Request for Information (Oct. 13, 2020). The other importers also provided corroborating evidentiary submissions throughout the proceeding. *See* Letter from Arent Fox LLP to CBP, Re: Investigation Concerning Evasion of the Antidumping and Countervailing Duty Orders on Steel Trailer Wheels from China: *TexTrail, Inc.'s Response to the Request for Information in EAPA Consolidated Case Number: 7459* (Sep. 18, 2020) and Letter from GDLSK LLP to CBP, Re: *TRAILSTAR's Response to CBP's Request for Information* (September 18, 2020).

### *CBP's Covered Merchandise Referral to Commerce and Commerce's Scope Ruling*

24. Even though the AD/CVD Orders and accompanying Scope Memo explicitly excluded third country steel wheels produced using either rims or discs from China, CBP decided that it was unable to determine whether the wheels were subject to the AD/CVD Orders. On December 17, 2020, CBP forwarded to Commerce a covered merchandise referral. *See Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Notice of Covered Merchandise Referral*, 86 Fed. Reg. 10245 (Feb. 19, 2021). As a result of the covered merchandise referral, the EAPA investigation was stayed pursuant to 19 C.F.R. § 165.16(d).

25. Prior to the CBP's submission of the covered merchandise referral, Asia Wheel had submitted a scope ruling request to Commerce on November 10, 2020. Commerce thus determined it would address both the covered merchandise referral and Asia Wheel's scope ruling request in the scope segment of the proceeding. *Id.* at 10246. On March 22, 2021, Commerce

initiated a formal scope inquiry pursuant to 19 C.F.R. § 351.225(e). *See* Letter from B. Quinn to All Interested Parties, Re: Initiation of Asia Wheel Scope Inquiry (Mar. 22, 2021).

26. Commerce issued a preliminary scope ruling on August 25, 2022. *See* Memorandum from E. Begnal to J. Maeder re: Preliminary Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand (August 15, 2022). On April 11, 2023, Commerce issued a final scope ruling pertaining to the covered merchandise referral of certain steel wheels 12 to 16.5 inches in diameter from China, in which it found that trailer wheels manufactured by so-called Method A were within the scope of the AD/CVD Orders on steel wheels from China. *See* Memorandum from E. Begnal to J. Maeder re: Antidumping and Countervailing Duty Orders on Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Final Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand (Asia Wheel) (Apr. 11, 2023) ("Final Scope Ruling"). The Method A wheels "were manufactured using discs from China nd rims produced from rectangular steel plates from China or a third country." *Id.* at 8. Commerce characterized the scope as ambiguous despite the fact that during the investigations, Commerce had found the scope to require that both the rim and disc from China be processed in the third country. Lionshead and the other importers strongly disagree with Commerce's final scope ruling and have appealed the ruling to the Court of International Trade. *See Lionshead Specialty Tire and Wheel LLC v. United States*, Ct. No. 23-098 Summons, ECF Doc. No. 1 (May 10, 2023) (This case was subsequently consolidated with *Asia Wheel Co., Ltd. v. United States*, Ct. No. 23-96, *Trailstar, LLC v. United States*, Ct. No. 23-97, and *TexTrail, Inc. v. United States*, Ct. No. 23-99, into a single action *Asia Wheel Co., Ltd. v. United States*, Consol. Ct. Not. 23-96, Ct. No. 23-98, ECF Doc. No. 27 (Aug. 18, 2023)).

27. On April 14, 2023, Commerce notified CBP of its decision.

*Resumption of EAPA Investigation and EAPA Determination*

28. On May 12, 2023, CBP notified Lionshead and the other importers that the EAPA investigation was no longer stayed. *See* Letter from CBP Re: EAPA Consolidated Case No. 7459 – Notice of Extension of Determination as to Evasion (May 12, 2023). CBP extended the final determination of the EAPA investigation to July 31, 2023. *Id.* at 3. Lionshead filed written arguments on May 30, 2023 *See* Letter from Clark Hill PLC to CBP Re: *Lionshead Specialty Tire & Wheel Written Argument:*Investigation Concerning Evasion of the Antidumping and Countervailing Duty Orders on Steel Trailer Wheels from China: (May 30, 2023) ("Lionshead Written Argument"), and rebuttal comments on June 14, 2023. *See* Letter from Clark Hill PLC to CBP Re: *Lionshead Specialty Tire & Wheel Written Argument:*Investigation Concerning Evasion of the Antidumping and Countervailing Duty Orders on Steel Trailer Wheels from China (June 14, 2023) ("Lionshead Rebuttal Argument"). Another importer who was a party to the investigation, TRAILSTAR, made a subsequent authorities submission advising that the U.S. Court of Appeals for the Federal Circuit ("CAFC") ruled that CBP violates importers' due process requirements in EAPA investigations when finding duty evasion based on business broprietary information not disclosed to counsel under an administrative protective order ("APO"), in *Royal Brush Manufacturing Inc. v. United States*. *See* TRAILSTAR's Notice of Supplemental Authority (July 27, 2023); *Royal Brush Mfg., Inc. v. United States*, 75 F.4th 1250 (CAFC 2023).

29. On August 7, 2023, seven (7) days after the specified deadline for the final determination, CBP signed and released the public version of its final determination, finding that Lionshead and the other importers entered the covered merchandise through evasion of the AD/CVD Orders by importing trailer wheels produced in Thailand using either rims or discs from

China. Notice of Determination as to Evasion – EAPA Consolidated Case Number 7459 (Aug. 7, 2023) ("EAPA Determination").The confidential version of the final determination or any other confidential documents on the record have never been released to Lionshead and the other importers.

30. In the EAPA Determination, TRLED also determined that there was substantial evidence that the merchandise Lionshead, TexTrail and TRAILSTAR had purchased from Asia Wheel was covered by the AD/CVD Orders at the time of importation, and as a result, no cash deposits for AD and CVD duties were collected for the merchandise.

31. On September 19, 2023, Lionshead, along with the other importers, filed *de novo* requests for review with RR. *See* Letter from Clark Hill PLC to CBP: Lionshead Specialty Tire & Wheel LLC's Request for Administrative Review of U.S. Customs and Border Protection's August 7, 2023, Notice of Determination as to Evasion EAPA Consolidated Case No. 7459 (Sept. 19, 2023) ("Lionshead Review Request").

32. On September 20, 2023, RR emailed the parties to notify them of commencement of the administrative review process and the assignment of case number H334521. Email from Lauren Fraid, Attorney Advisor, Commercial Violations Branch, Regulations and Rulings, Office of Trade, CBP dated September 20, 2023

33. On October 3, 2023, Dexstar filed a response in opposition to the Importers' request for administrative review. Letter from Schagrin Associates to CBP: *EAPA Consol. No. 7459, Steel Trailer Wheels from China*: Submission of Response to Requests for Administrative Review (Oct. 2, 2023).

34. On December 15, 2023, RR issued its decision affirming the August 7, 2023, determination under 19 U.S.C. § 1517(c). RR Final Decision.

## STATEMENT OF CLAIMS

35. The TRLED Determination and the RR Final Decision are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law in the following respects:

### COUNT 1

36. The facts and allegations contained in paragraphs 1 through 35 are restated and incorporated herein by reference.

37. To reach an affirmative determination as to evasion, EAPA requires CBP to find that the entries in question are covered merchandise *when* they were entered into the customs territory of the United States.

38. Lionshead and the other parties provided substantial legal and factual evidence showing that in the original AD/CVD investigations, Commerce had rejected Dexstar's proposed revision to the scope language by including wheels assembled in a third country using either rims or discs from China. Final INV Scope Memo at Cmt. 3. Commerce stated that it "previously understood the scope language to mean what it expressly states – that both constituent parts {the disc and rim} are covered under the scope." Final INV Scope Memo at 24 (Cmt. 3). Under the plain language of the scope of the orders at the time of the entries during the underlying proceeding, the steel wheels were not within the scope of the AD/CVD Orders.

39. It was unlawful for CBP to ignore Commerce's specific findings as to the scope of the Orders in the INV Scope Memo and refer the matter to Commerce for a covered merchandise referral. A covered merchandise referral is appropriate only if "CBP cannot determine whether the merchandise described in an allegation is properly within the scope of an antidumping or countervailing duty order." 19 C.F.R. § 165.16(a). Here, Commerce had already

made clear that "steel wheels assembled in a third country when either the rims or discs do not originate from China" are not within the scope. INV Scope Memo at 24.

40. CBP's decision not to apply the plain language of the scope as informed by the Final INV Scope Memo was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law because instead, CBP decided to request a covered merchandise referral from Commerce and then use the Commerce scope determination to find the products were covered merchandise and thus ruling that evasion occurred.

41. In the alternative, the inquiry merchandise was not covered merchandise at the time of entry because Commerce acknowledged that the scope was ambiguous. CBP's decision to ignore the ambiguity finding and rule that evasion occurred at the time of entry of the steel wheels was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law.

## COUNT 2

42. The facts and allegations contained in paragraphs 1 through 41 are restated and incorporated herein by reference.

43. To reach an affirmative determination as to evasion, EAPA requires CBP to find that the entry in question was made by a material false statement or act or material omission.

44. Lionshead and the other parties provided substantial legal and factual evidence showing that in the original AD/CVD investigations, Commerce had rejected Dexstar's proposed revision to the scope language by including wheels assembled in a third country using either rims or discs from China. Final INV Scope Memo at Cmt. 3. Commerce stated that it "previously understood the scope language to mean what it expressly states – that both constituent parts {the disc and rim} are covered under the scope." Final INV Scope Memo at 24 (Cmt. 3).

45. Lionshead used reasonable care when it imported the merchandise as shown by its visits to the factory to confirm the product was being processed in a third country. *See* Lionshead RFI Response at 7-8 and Lionshead Supplemental RFP Response at Exhibit 17.

46. CBP itself could not determine the product was covered merchandise and had to make the referral to Commerce, and Commerce itself found the scope to be ambiguous. *See Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Notice of Covered Merchandise Referral*, 86 Fed. Reg. 10245 (Feb. 19, 2021).

47. A reasonable disagreement over the scope of the Orders cannot be considered a "material and false statement or act or a material omission" within the meaning of 19 U.S.C. 1517.

48. CBP's decision not to apply the plain language of the scope as informed by the Final INV Scope Memo was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law because instead, CBP decided to request a covered merchandise referral from Commerce and then use the Commerce scope determination to find the products were covered merchandise and thus finding that the entries in question were made by a material false statement or act or material omission such that evasion occurred.

49. In the alternative, because Commerce acknowledged that the scope was ambiguous, CBP's decision to ignore the ambiguity finding and find that the entries in question were made by a material false statement or act or material omission such that evasion occurred was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law.

## COUNT 3

50. The facts and allegations contained in paragraphs 1 through 49 are restated and incorporated herein by reference.

51. The purpose of the EAPA statute is to address issues of evasion or circumvention.

52. CBP's EAPA decision covers entries of steel trailer wheels 12 to 16.5 inches in diameter made by Plaintiff from March 19, 2019, through the pendency of the investigation.

53. AD/CVD liability cannot apply to the entries of Lionshead and the other importers until, at the earliest, March 22, 2021, when Commerce initiated the scope inquiry requested by Asia Wheel (which became the basis for Commerce's response to CBP's covered merchandise referral). Final Scope Ruling at 2. Alternatively, the appropriate retroactivity date is August 25, 2022, the date Commerce issued its Preliminary Scope Ruling.

54. Government agencies like Commerce and CBP "must provide regulated parties fair warning of the conduct {the order or regulation} prohibits or requires" to "avoid unfairness to importers." *Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487, 494-95 (Fed. Cir. 2020) (internal quotation marks omitted). Until the March 22, 2021, date of initiation of the scope inquiry requested by Asia Wheel, Final Scope Memo at 2, importers like Lionshead were not on notice that trailer wheels comprised of Chinese rims <u>or</u> discs could be subject to the Orders. The fact that Commerce did "not foreclose a further analysis of substantial transformation" at some point in the "future" confirms the lack of requisite notice at the time the July 2019 Final INV Scope Memo was issued. Final INV Scope Memo at 24. *See* discussion of *Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487 (Fed. Cir. 2020), *infra*, regarding the requirement to provide a fair warning of AD/CVD applicability.

55. Lionshead "relied on and followed Commerce's clear and specific instructions" *Diamond II*, 609 F.Supp.3d 1378, 1379 (Ct. Intl. Trade 2022). in the Final INV Scope Memo, as well as the plain language of the scope description – which both supported that steel wheels

15

produced in a third country (here, Thailand) into steel wheels from rims or discs produced in China were outside the scope.

56. Because Lionshead did not have fair warning that the inquiry merchandise was within the scope of the AD/CVD Orders, CBP's determination that Lionshead evaded AD/CVD duties when it entered the steel trailer wheels and its retroactive application of AD/CVD duties from March 19, 2019, was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law.

## COUNT 4

57. The facts and allegations contained in paragraphs 1 through 56 are restated and incorporated herein by reference.

58. CBP determined that "there was reasonable suspicion that the Importers entered Chinese-origin steel trailer wheels into the United States that were transshipped through Thailand." EAPA Determination at 3. The record shows there was no transshipment, but rather third country processing. That evidence was readily available, therefore any information provided by the allegers regarding transshipment should have been insufficient. Thus, the evidence did not support initiation or CBP's finding that there was a reasonable suspicion that covered merchandise was entered into the U.S. through evasion.

59. The burden was on Dexstar to allege evasion relating to third country processing. Commerce's scope ruling attaches AD/CVD liability as of the date of initiation of the scope investigation, except where CBP has already suspended liquidation of entries. CBP only suspended liquidation based on the false premise of the EAPA allegation that there was transshipment. But for that false premise, Lionshead's entries would not have been suspended and

AD/CVD duty liability would attach upon notice by Commerce of the initiation of the scope inquiry.

60. CBP's initiation of the investigation and issuing interim measures was arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law.

61. Alternatively, the EAPA investigation should have ended (or a negative determination should have been issued), once CBP determined that there was no transshipment because the investigation was based on the allegation of transshipment, and CBP's actions in continuing the investigation or in not issuing a negative determination were arbitrary, capricious, an abuse of discretion and were otherwise not in accordance with law.

## COUNT 5

62. The facts and allegations contained in paragraphs 1 through 61 are restated and incorporated herein by reference.

63. CBP's EAPA procedures in this investigation violated due process. CBP relied upon certain confidential information throughout the proceeding which it did not provide to Lionshead or to Lionshead's counsel. CBP did not provide sufficient public summaries of BPI. Further, CBP did not maintain a proper administrative record and promptly disclose documents.

64. CBP should have provided immediate notice of the initiation of the investigation to Lionshead, rather than delaying notice until the Interim Measures were issued, and CBP did not timely sign the EAPA Determination.

65. CBP acknowledges that it did not "disclose confidential information under an {APO}". EAPA Determination at 25. Under the CAFC decision in *Royal Brush*, the CAFC makes clear that CBP acts unlawfully when it finds duty evasion without having disclosed the

17

confidential information upon which it relied with the targeted importers. *See Royal Brush Manufacturing v. United States*, 75 F.4th 1250, 1258-62 (Fed. Cir. 2023).

66. Lionshead was prejudiced by the lack of BPI access and the EAPA determination is invalid due to the lack of due process. Further, CBP has likewise "failed to ensure that confidential filings were accompanied by the requisite public summaries" *Royal Brush Manufacturing, Inc. v. United States*, 483 F.Supp.3d 1294, 1305 (Ct. Intl Trade 2020), or to provide "an explanation of why a summary is not possible" in accordance with 19 C.F.R. § 165.4. *Aspects Furniture Int'l, Inc. v. United States*, 607 F.Supp.3d 1249, 1272 (CIT 2022). The extent of CBP's redaction has negatively impacted Lionshead's ability to fully defend its position. *See Royal Brush Mfg., Inc.*, 483 F.Supp.3d at 1305.

67. CBP (and the Alleger) did not promptly release record documents relating to the April 9, 2020, initiation of the EAPA investigation to Lionshead, which had no notice of the investigation until the Interim Measures were released on July 15, 2020. Had CBP provided Lionshead with the documents supporting the initiation of the investigation, Lionshead would have had the opportunity to provide rebuttal information as well as to mitigate its exposure to AD/CVD duties.

68. Even where CBP may have relied on information provided by Lionshead, the inability to access the full administrative record deprived Lionshead and counsel from fully assessing the record facts and being able to assess and make all arguments in response.

69. Finally, CBP erred in not signing the EAPA Determination on July 31, 2023, as required by the statute but instead signed and issued it on August 8, 2023. Notice of Extension of Determination as to Evasion (May 12, 2023). CBP also issued an amended determination on

August 9, 2023, but did not inform the parties as to what language was changed. CBP should be held to its statutory deadlines and also be forthcoming with any amendments to a determination.

70. CBP's affirmative evasion finding is improper and should be dismissed because CBP deprived Lionshead of its due process rights.

## COUNT 6

71. The facts and allegations contained in paragraphs 1 through 70 are restated and incorporated herein by reference.

72. Because Lionshead and counsel have not had access to the full administrative record in this proceeding, Lionshead challenges any and all aspects of CBP's EAPA decision on the basis of any additional claims or theories that may arise upon a full review of the evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

(a) hold that CBP's EAPA determination is arbitrary, capricious, an abuse of discretion and is otherwise not in accordance with law, and violates due process;

(b) Remand CBP's EAPA determination to CBP with instructions to terminate the investigation;

(c) Order CBP to liquidate the entries without the addition of AD/CVD duties; and

(d) Grant such additional relief as the Court may deem just and proper.

<u>/s/ Robert Kevin Williams</u>
Robert Kevin Williams
Mark Rhett Ludwikowski
Kelsey Christensen
Sally Alghazali
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
Telephone: (312) 985-5907
*Counsel for Lionshead Specialty Tire & Wheel LLC*

Dated: January 30, 2024